HEMPSTEAD et al. v. UNITED STATES.

(Circuit Court, S. D. New York. May 17, 1899.)

No. 2,583.

CUSTOMS DUTIES—REVIEW OF ASSESSMENT—SUFFICIENCY OF PROTEST.

A protest against the assessment of duty on an importation of glass under paragraph 95 of the tariff act of 1894, with 10 per cent. added, under paragraph 97, on account of the glass being beveled,—the ground of objection stated being that the glass, which was described in the protest as cylinder and crown glass, was only dutiable under paragraph 92,—is insufficient to raise the question, on review, whether the additional duty under paragraph 97 was correctly imposed, conceding the importation to have been dutiable under paragraph 95, on the claim that it should have been classified thereunder as "looking-glass plates."

Appeal by the importers from a decision of the board of general appraisers which sustained the classification of the collector of customs of the importations in question.

Henry W. Rudd (Howard T. Walden, of counsel), for appellants.

J. T. Van Rensselaer, Asst. U. S. Atty.

TOWNSEND, District Judge. The merchandise in question chiefly consists of cast polished plate glass, silvered, known as "French looking-glass plates, beveled," and was assessed for duty under the appropriate provisions of paragraph 95 of the tariff act of 1894, and an additional duty of 10 per cent., under paragraph 97 of said act, as beveled. The importers protested against said assessment of duty as follows:

"Protest is hereby made against your decision assessing duty at 10%, and specific rate, on cylinder and crown glass, polished or beveled, covered by entries below named. The ground of objection, under the tariff act passed by the 53d congress on or about August 13, 1894, and known as 'H. R. 4864,' is that said merchandise is not dutiable at 10%, under paragraph 97, in addition to the specific rates provided for under said paragraph 92, and is dutiable thereunder only at the appropriate rate according to size.
"O. G. Hempstead & Co."

The petition for review, however, is not based on the protest under paragraph 92, but on the claim that the merchandise should only have been assessed under paragraph 95 of said act, as "looking-glass plates." In other words, it is now claimed that the pro-

test was not in fact on the ground that the merchandise was cylinder and crown glass, polished, or was otherwise included under the provisions of paragraph 92, nor on the ground that cast polished plate glass, silvered, as described in the invoices referred to in the protest, was not dutiable under paragraph 97, but on the ground that the merchandise was looking-glass plates, under paragraph 95, and was therefore not "cast polished plate glass, silvered and beveled," under paragraph 97. It appears that there is a class of German looking-glass plates, made of cylinder and crown glass, and commercially known as "looking-glass plates," some of which were included in this importation. It is not clear that the original protest was not on the ground that as these glasses were cylinder and crown glass, commercially known as "looking-glass plates," they were included under paragraph 92, and were therefore not properly classified for duty under paragraph 97, which contains no provision for looking-glass plates. The protest under paragraph 92 was therefore insufficient to inform the collector of the protestants' position as to commercial designation under paragraph 95; and I therefore think the protest is insufficient, as found by the board of general appraisers. In one of the protests, paragraph 92 is not referred to, but the claim is made that the articles are dutiable only at the appropriate rate according to size. Inasmuch, however, as the goods are described as cylinder and crown glass, beveled and polished, I think this protest was not sufficiently definite, within the rule. This decision is not upon the ground that the protest would necessarily have been insufficient as to the 10 per cent. additional duty under paragraph 97 alone, but because the assertion that the glass was cylinder and crown glass, under paragraph 92, and therefore not dutiable under paragraph 97, raised an entirely different question as to such glass commercially known as "German looking-glass plates," under paragraph 92, from the question as to "cast polished plate glass or looking-glass plates," under paragraph 95.

Counsel for the importers has requested the court to find whether the merchandise would have been included under paragraph 97, provided the protest had been sufficient. But it does not seem advisable to pass on this point, because a part of the invoices consisted of German looking-glass plates, and the rest of cast polished plate glass, silvered; and, while the determination of this further question might have been different in the two cases, the counsel for the importers has in open court abandoned the contention as to the German looking-glass plates. The decision of the board of general appraisers is affirmed.